UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY,

                     Plaintiff,

   -against-

KAD CONSTRUCTION CORP, RCMC
CORPORATION, FMC CONSTRUCTION CORP.,
GCL GROUP INC., ACC NY, INC., GREEN
RECYCLING AND CONSTRUCTION CORPORATION,
TRINITY DEVELOPMENT NY, LLC, DEEBA INC.,
AURASH CONSTRUCTION CORP., CAD
INDUSTRIES LLC DBA KAD CONSTRUCTION,
and ELITE BUILDING CONSTRUCTION LLC
DBA MCF CONSTRUCTION,

                     Defendants.
-------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

Plaintiff, American Empire Surplus Lines Insurance Company ("American Empire"), by its attorneys, L'Abbate, Balkan, Colavita & Contini, L.L.P., as and for its Complaint against the defendants, KAD Construction Corp., RCMC Corporation, FMC Construction Corp., GCL Group Inc., ACC NY, Inc., Green Recycling and Construction Corporation, Trinity Development NY, LLC, Deeba Inc., Aurash Construction Corp., CAD Industries LLC dba KAD Construction, and Elite Building Construction LLC dba MCF Construction ("Defendants"), alleges, upon information and belief, as follows:

**PARTIES**

1.     Plaintiff, American Empire is an insurance company organized and existing under the laws of the State of Ohio, with its principal place of business in Ohio.

2. Upon information and belief, and at all times relevant, defendant KAD Construction Corp. was and still is a corporation organized and existing under the laws of the State of New York with its principal place of business in Queens County, New York.

3. Upon information and belief, and at all times relevant, defendant RCMC Corporation was and still is a corporation organized and existing under the laws of the State of New York with its principal place of business in Nassau County, New York.

4. Upon information and belief, and at all times relevant, defendant FMC Construction Corp. was and still is a corporation organized and existing under the laws of the State of New York with its principal place of business in Nassau County, New York.

5. Upon information and belief, and at all times relevant, defendant GCL Group Inc. was and still is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York County, New York.

6. Upon information and belief, and at all times relevant, defendant ACC NY, Inc. was and still is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York County, New York.

7. Upon information and belief, and at all times relevant, defendant Green Recycling and Construction Corporation was and still is a corporation organized and existing under the laws of the State of New York with its principal place of business in Nassau County, New York.

8. Upon information and belief, and at all times relevant, defendant Trinity Development NY, LLC was and still is a limited liability company organized and existing under the laws of the State of New York with its principal place of business in Bronx County, New York.

9. Upon information and belief, and at all times relevant, all of the members of defendant Trinity Development NY, LLC are natural persons and residents of Bronx County, New York.

10. Upon information and belief, and at all times relevant, defendant Deeba Inc. was and still is a corporation organized and existing under the laws of the State of New York with its principal place of business in Queens County, New York.

11. Upon information and belief, and at all times relevant, defendant Aurash Construction Corp. was and still is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York County, New York.

12. Upon information and belief, and at all times relevant, defendant CAD Industries LLC dba KAD Construction was and still is a limited liability company organized and existing under the laws of the State of New York with its principal place of business in New York County, New York.

13. Upon information and belief, and at all times relevant, all of the members of defendant CAD Industries LLC dba KAD Construction are natural persons and residents of New York County, New York.

14. Upon information and belief, and at all times relevant, defendant Elite Building Construction LLC dba MCF Construction was and still is a limited liability company organized and existing under the laws of the State of New York with its principal place of business in New York County, New York.

15. Upon information and belief, and at all times relevant, all of the members of defendant Elite Building Construction LLC dba MCF Construction are natural persons and residents of New York County, New York.

## JURISDICTION

16. This action is brought pursuant to 28 U.S.C. § 1332, 2201, and 2202 based on the diversity of citizenship of the parties, on common law, and seeks declaratory relief.

17. The amount in controversy in this action exceeds the sum or value of $75,000.

18. Venue is proper pursuant to 28 U.S.C. § 1391 as, upon information and belief, several of the defendants' principal places of business are in New York County, New York, and a substantial part of the events giving rise to the claim occurred in New York County.

## FACTS

### The American Empire Policy

19. American Empire issued a Commercial General Liability insurance policy to non-party Reinforced Concrete & Masonry Construction, Inc dba Broad Construction Corp. ("Reinforced"), bearing Policy No. PL2644550-02, for the period October 6, 2020 to October 6, 2021 (the "American Empire Policy").(Reinforced and Defendants are hereinafter collectively referred to as the "Insureds").

20. Defendants are Named Insureds under the American Empire Policy.

21. The premium charged for the American Empire Policy was to be computed as a percentage of the gross receipts of the Insureds during the policy period.

22. Based upon an estimate of the Insureds' gross receipts for the policy period, American Empire assigned an Advance Premium to the American Empire Policy which was subject to adjustment if an audit by American Empire revealed that the gross receipts exceeded the initial estimate of the same.

23. In this regard, the American Empire Policy provides, in relevant part:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\* \* \*

**5. Premium Audit**

 a. We will compute all premiums for this Coverage Part in accordance with our rules and rates.

 b. Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period and send notice to the first Named Insured. The due date for audit and retrospective premiums is the date shown as the due date on the bill. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

 c. The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

\* \* \*

24. The American Empire Policy also contains an endorsement entitled: "Explanatory Policy Premium Endorsement", which provides, in pertinent part:

> The policy conditions relating to premiums shall be amended to incorporate the following:
>
> 1. It is understood and agreed that [the American Empire Policy] is subject to a minimum policy premium as stated in the Declarations. If the policy remains in force until the expiration date of the policy, this minimum policy premium shall apply unless the audit condition of this policy develops a greater premium. In no event shall the premium be less than the minimum policy premium should the policy remain effective the complete policy term.

\* \* \*

25. Finally, the Common Policy Conditions to the American Empire Policy provide, in pertinent part:

> **C. EXAMINATION OF YOUR BOOKS AND RECORDS**
>
> We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

\* \* \*

**Failure to Pay Additional Premium**

26. Matson Driscoll & Damico LLP, on behalf of American Empire, performed an audit of the financial records of the Insureds to determine their actual gross receipts during the policy period October 6, 2020 to October 6, 2021.

27. Pursuant to the audit, the additional premium owed under the American Empire Policy was calculated to be $160,635.

28. Based upon the audit conducted, the total due to American Empire for additional premium under the above-referenced American Empire Policy is $160,635. To date, however, despite due demand, American Empire has yet to receive payment for the same.

29. As such, the current outstanding additional premium for the American Empire Policy is $160,635.

## AS AND FOR A FIRST CAUSE OF ACTION

30. American Empire repeats, reiterates and realleges each and every allegation of the preceding paragraphs as set forth herein, verbatim and fully at length.

31. Via a letter dated November 29, 2022, the undersigned, on behalf of American Empire, demanded payment from Reinforced in the total amount due under the American Empire Policy.

32. To date, however, American Empire has not received payment in the amount owed.

33. The Insureds are jointly and severally liable for the payment of the premium owed under the American Empire Policy.

34. As a result of the Insureds' refusal to pay the additional premium owed, American Empire has been damaged in the amount of $160,635, together with interest, costs, disbursements, and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION

35. American Empire repeats, reiterates and realleges each and every allegation of the preceding paragraphs as set forth herein, verbatim and fully at length.

36. The Insureds' failure to pay the additional premium due under the American Empire Policy violates the terms and conditions of the policy.

37. As such, American Empire respectfully requests that the Court declare that in the event Defendants fail to pay the total amount owed in additional premium, American Empire has no obligation to defend and/or indemnify Defendants, or any other person or entity seeking coverage under the American Empire Policy, relative to any occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policy.

## AS AND FOR A THIRD CAUSE OF ACTION

38. American Empire repeats, reiterates and realleges each and every allegation of the preceding paragraphs as set forth herein, verbatim and fully at length.

39. The Insureds' failure to pay the additional premium due and owing under the American Empire Policy constitutes a breach of the Insureds' duty of good faith and fair dealing owed to American Empire with respect to the American Empire Policy.

40. As a result of the Insureds' breach of their duty of good faith and fair dealing, American Empire has no obligation to defend and indemnify Defendants, or any other person or entity seeking coverage under the American Empire Policy, relative to any occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policy.

**WHEREFORE**, American Empire respectfully requests that:

(a) The Court enter judgment against Defendants in the sum of $160,635, plus interest, for the additional premium due and owing under the American Empire Policy;

(b) The Court enter judgment declaring that in the event Defendants fail to pay the total amount owed in additional premium, American Empire has no obligation to defend and/or indemnify Defendants, or any other person or entity seeking coverage under the American Empire Policy, relative to any occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policy, based upon the Insureds' failure to comply with their obligations under the American Empire Policy;

(c) The Court enter judgment declaring that in the event Defendants fail to pay the total amount owed in additional premium, American Empire has no obligation to defend and/or indemnify Defendants, or any other person or entity seeking

coverage under the American Empire Policy, relative to any occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policy, based upon the Insureds' breach of their duty of good faith and fair dealing;

(d) American Empire be awarded the costs and disbursements of this action; and

(e) American Empire shall have such other, further and different relief as this Court may deem just and proper.

Dated: Melville, New York
November 1, 2023

Respectfully submitted,

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

*Maureen E O'Connor*

By: MAUREEN E. O'CONNOR
Attorneys for Plaintiff
American Empire Surplus Lines
Insurance Company
3 Huntington Quadrangle – Suite 102 S
Melville, New York 11747
Tel.: (516) 837-7432
moconnor@lbcclaw.com